IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ANTHONY RASHAD COOPER,**          CASE NO. 3:25 CV 83

    Plaintiff,

    v.                                         JUDGE JAMES R. KNEPP II

**LUCAS COUNTY JAIL, et al.,**

                                                **MEMORANDUM OPINION AND**
    Defendants.                         **ORDER**

## INTRODUCTION

Currently pending before the Court in this civil rights action brought by *pro se* Plaintiff Anthony Rashad Cooper pursuant to 42 U.S.C. § 1983 is Defendant Lucas County Jail's Motion for Judgment on the Pleadings. (Doc. 11). For the reasons set forth below, the Court grants Lucas County Jail's motion, and declines to exercise supplemental jurisdiction over Plaintiff's remaining claims against Defendant Kyle Moran.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint, signed December 17, 2024, and filed with this Court on January 16, 2025. (Doc. 1).

Plaintiff alleges that on July 4, 2024, "County C.O.'s" made his handcuffs too tight on his wrist until it was bleeding, and "beat [him] in handcuffs[.]" (Doc. 1, at 3). He asserts this caused severe nerve damage. *Id.*

Plaintiff states that on July 11 and 12, 2024, he was assaulted in the bathroom "due to lack of supervision", which resulted in a broken knee and torn ligaments. *Id.* The Lucas County Jail's Answer identifies Plaintiff's assailant in this incident as fellow inmate, Defendant Kyle

Moran, and asserts Moran was disciplined and prosecuted for the assault. (Doc. 10, at 2-3); *see also* Doc. 10-3 (docket in *State of Ohio v. Moran*, No. CRB-24-06279-0101 (Toledo Mun. Ct.)).

On July 24, 2024, Plaintiff contends "County Jail C.O.s threw [him] on [his] wheelchair" and handcuffed him "face down on the ground", which caused him to "break [his] knee on the right side even more[.]" (Doc. 1, at 3-4). He contends this worsened the nerve damage on his right side. *Id.* at 4. Plaintiff states he was "left on the floor until July 26, 2024" in his own bodily fluids, unable to move due to his pain and broken knee. *Id.*

Also on July 24, 2024, Plaintiff asserts he was "dragged by C.O.s in handcuffs" from one area of the prison "along the floor any and every kind of way with a broken right knee[.]" *Id.*

Plaintiff states all of the above-described injuries were established by examinations at "St. V's Hospital." *Id.* at 3-4. He further asserts his "right side pelvi[c] bone" was "fractured due to the use of force" and he had a brace on his right leg from hip to ankle. *Id.* at 4.

Plaintiff also contends that "Nurse Ashley" denied him medication due to his race from July 15 to 16, 2024. *Id.*

The Complaint names as Defendants the Lucas County Jail and Moran. *Id.* at 1, 3.

Plaintiff's request for relief states: "I ask the Court to grant me my demand relief $ and clear or seal my record so I can start a new life out[] [of] State and fire any Nurse or C.O. that was involved in my dispute over the days that was used." *Id.* at 5.

## STANDARD OF REVIEW

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). The pleadings must demonstrate sufficient factual matter that, when taken as true, states a claim which is "plausible on its face." *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 470

(2007). A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555 (a "formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss).

Additionally, this Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *See El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials". *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (district courts "have no obligation to act as counsel or paralegal to *pro se* litigants"); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003) (district courts are not "required to create" a *pro se* litigant's claim for her). Rather, the complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). The complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Two issues are presently before the Court. First, Defendant Lucas County Jail has moved for judgment on the pleadings. (Doc. 11). Plaintiff has not filed any opposition thereto, and the

3

time in which to do so has expired. *See* Loc. Civ. R. 7.1(d) (N.D. Ohio). Second, although Plaintiff appears to have served Defendant Moran (*see* Doc. 7), the time for Moran to answer has expired and Plaintiff has taken no further action. For the reasons set forth below, Defendant Lucas County Jail's Motion (Doc. 11) is granted, and the Court declines to exercise supplemental jurisdiction over any remaining claim against Defendant Moran.

Lucas County Jail

The Lucas County Jail moves for judgment on the pleadings, asserting: (1) it lacks capacity to be sued under 42 U.S.C. § 1983; and (2) even assuming otherwise, Plaintiff has failed to plausibly allege a claim against the entity. *See* Doc. 11. As noted above, Plaintiff has not responded to either argument. The Court agrees with the County on both points and finds it is entitled to judgment.

First, a plaintiff asserting a § 1983 claim "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (emphasis added). But, as the Lucas County Jail correctly asserts, it is not a legal entity subject to suit under § 1983. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *King v. Cuyahoga Cnty. Jail*, 2019 WL 5653296, at *4 (N.D. Ohio) ("[T]he Cuyahoga County Jail is not a proper Defendant because it is not *sui juris*, meaning that under Ohio law, it is not a legal entity that is capable of suing or being sued."); *Gerald v. Akron Bar Ass'n*, 2018 WL 2985142, at *2 (N.D. Ohio) (finding the Summit County Jail is not *sui juris* and therefore lacks the capacity to be sued); *Cunningham v. Pierce*, 2013 WL 4832800, at *3 (S.D. Ohio) ("Plaintiff also is unable to sue the Montgomery County Jail because it is not *sui juris*, not an

independent suable legal entity."); *Jackson v. Mowry*, 2013 WL 526916, at *3 (N.D. Ohio) ("county jails . . . are not legal entities capable of being sued in their own right for purposes of § 1983"); *Boggs v. Miami Cnty. Jail*, 2011 WL 3813079, at *2 (S.D. Ohio) (a county jail "is merely an administrative vehicle" by which a county operates and therefore "lacks the capacity to be sued"). For this reason alone, the Jail is entitled to judgment.

Second, even if the Jail were subject to suit as an entity, it argues Plaintiff's Complaint fails to plausibly assert a claim against it. The Court again agrees. A local government entity cannot be held vicariously liable for an employee's conduct simply because it employs them. *See D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) ("A municipality may not be held liable under § 1983 on a *respondeat superior* theory—in other words, '*solely* because it employs a tortfeasor.'") (quoting *Monell v. Dep't of Soc. Serv.* 436 U.S. 658, 691 (1978)); *Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Therefore, to the extent Plaintiff seeks to hold the jail liable for actions of its officers simply because they were employees, such facts do not state a claim for relief.

"Instead, a plaintiff must show that 'through its deliberate conduct, the [local government entity] was the moving force behind the injury alleged.'" *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (quoting *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013)). A plaintiff must establish the government entity had a "'policy or custom' that caused the violation of his rights." *Id.* (quoting *Monell*, 436 U.S. at 694). A plaintiff may demonstrate that the governmental entity had such a policy or custom in four ways: "the plaintiff may prove '(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or

5

supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.'" *Id.* (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). Plaintiff's Complaint contains no factual allegations plausibly suggesting the constitutional injuries he claims were a result of any "policy or custom" of the Lucas County Jail. As such, the Jail is entitled to dismissal on this alternative argument as well.

Kyle Moran

With the claims against the Jail dismissed, left in this case is just Defendant Moran. Moran is only named in the caption of the Complaint and as an "Additional Defendant." (Doc. 1, at 1, 3). There are no other specific allegations against Moran. Defendant Lucas County Jail identifies, in its Answer, that Moran was a fellow inmate and Plaintiff's assailant. (Doc. 10, at 2); *see also* Doc. 10-3. The Court finds that it is at best questionable whether the Complaint plausibly states any claim against Moran.

However, even if the Complaint states a claim against Moran, the Court declines to exercise jurisdiction over it. The Court has jurisdiction over claims such as those originally brought by Plaintiff pursuant to 42 U.S.C. § 1983 under 28 U.S.C. § 1331 (federal question jurisdiction). Under Section 1983, "[e]very person who, under color of [state law], . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]" 42 U.S.C. § 1983. "Section 1983 creates liability for 'persons' who deprive others of federal rights under color of [state] law." *Hohenberg v. Shelby Cnty., Tenn.*, 68 F.4th 336, 342 (6th Cir. 2023) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). Because Section 1983, "by its own terms, applies only to those who act 'under color' of state law[,] . . . as a general rule, § 1983 does not reach the conduct of private parties acting in their individual

6

capacities." *Weser v. Goodson*, 965 F.3d 507, 515 (6th Cir. 2020) (citing *Lindsey v. Detroit Ent., LLC*, 484 F.3d 824, 827 (6th Cir. 2007)). Accordingly, courts have found that "an inmate is not a state actor or a person acting under the color of state law for purposes of stating a claim under § 1983." *Goodell v. Anthony*, 157 F. Supp. 2d 796, 801 (E.D. Mich. 2001) (collecting cases).

Moran, as a fellow inmate, is not a state actor subject to § 1983. Thus, at best, Plaintiff's Complaint asserts a state-law assault claim. Because both Moran and Plaintiff are Ohio prisoners, it does not appear that the Court would have diversity jurisdiction under 28 U.S.C. § 1332 over such a claim.

A district court does have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). Thus, at the time of filing, the Court had jurisdiction over any purported related claim against Moran. However, a court may decline to exercise supplemental jurisdiction over a claim under subsection Section 1367(a) if it "has dismissed all claims over which it has original jurisdiction[.]" *Id.* § 1367(c)(3). And the Sixth Circuit counsels that "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)). Because the Court has dismissed all of the claims over which it has original jurisdiction, it finds it appropriate to decline to exercise supplemental jurisdiction over any purported state law claim against Moran.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

7

ORDERED that Defendant Lucas County Jail's Motion for Judgment on the Pleadings (Doc. 11) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over Plaintiff's claims against Defendant Moran and those claims be, and the same hereby are, DISMISSED without prejudice.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: July 25, 2025